IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANIEL M. WILSON, # 260779,   *
                                           *
    Plaintiff,                     *
                                           *
vs.                                            * CIVIL ACTION NO. 20-00008-TFM-B
                                           *
WHITNEY MAHALOVICH,      *
                                           *
    Defendant.                   *

**REPORT AND RECOMMENDATION**

Plaintiff Daniel M. Wilson, an Alabama prison inmate, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii).

**I. Plaintiff's Complaint (Doc. 1).**

Wilson, an inmate at Easterling Correctional Facility in Clio, Alabama, filed this action pursuant to 28 U.S.C. § 1983 and named Whitney Mahalovich, a Baldwin County, Alabama probation officer, as the sole Defendant. (Doc. 1 at 4-5). In his complaint, Wilson states that he was convicted in 2014 for burglary and possession of a controlled sentence, and is currently incarcerated

based on an August 22, 2019 probation revocation. (Id. at 6). The gravamen of Wilson's complaint is that Mahalovic committed perjury during his revocation proceedings on August 22, 2019. (See id. at 4-5). Specifically, Wilson alleges the following:

> Mrs. Mahalovich lied on stand on Aug 22nd 2019. I never met or reported to this lady never she lied and said on stand we went over probation rules, I signed up with her – When asked to see the paperwork she could not provide it. When she was told about her seeking full revocation on a person and her stuff not factual is not right she then change it on stand under oath and says well he didn't sign up with me he signed up with his old probation Charles Flowers – But she just lied under oath then changed it up – everything is on file and transcripts on Case # CC-2014-1884 and CC-2017-000982 Revocation Aug 22nd 2019[.]

(Id. at 4). Wilson asserts claims for "profileing" [sic], "defermation of character" [sic], wrongful imprisonment, and "coercing." (Id. at 5). For relief, Wilson requests "300,000 for wrongful imprisonment and my freedom." (Id. at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Wilson is seeking to proceed *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or

---

[1] "[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir. 2017), cert. denied, 138 S. Ct. 338 (2017).

fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or when the claim seeks to enforce a right that clearly does not exist. Id. at 327. Section 1915(e)(2)(B)(ii) "directs the district court to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint 'fails to state a claim on which relief may be granted[.]'" Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). A complaint may be dismissed for failure to state a claim when, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke, 490 U.S. at 326. Moreover, a complaint must contain specific factual matter, accepted as true, to state a claim for relief that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Under § 1915(e)(2)(B)(iii), a claim must be dismissed when it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

When considering a *pro se* litigant's allegations, a court must give them a liberal construction, holding them to a more lenient standard than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

3

However, even in the case of *pro se* litigants, the court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted), overruled on other grounds by Ashcroft, 556 U.S. 662, as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

**A. The Relief Sought by Wilson is Unavailable.**

It is readily apparent that Wilson is seeking to challenge his present incarceration in this § 1983 action. Wilson implicitly attacks the validity of his probation revocation when he claims that Defendant Mahalovich acted unlawfully by committing perjury during his revocation proceeding, and he specifically requests that the Court grant him his "freedom." (See Doc. 1 at 4-5, 7). "[A] § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 482, 489 (1973)).

4

Instead, even though such a claim may come within the literal terms of § 1983, a writ of habeas corpus is the sole means by which to seek invalidation of a state conviction in federal court. Preiser, 475 U.S. at 488-90, 500.

In addition to seeking release from incarceration, Wilson requests damages against Mahalovich in the amount of $300,000 for "wrongful imprisonment." (Doc. 1 at 7). In Heck v. Humphrey, 512 U.S. 477 (1994) the Supreme Court expounded on Preiser, holding that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87.[2] The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity

---

[2] "Preiser found an implied exception to § 1983's coverage where the claim seeks—not where it simply 'relates to'—'core' habeas corpus relief, *i.e.,* where a state prisoner requests present or future release. . . . Heck specifies that a prisoner cannot use

5

of his conviction or sentence[.]" Id. at 487. The principles espoused in Heck also apply to revocations of probation and to revocations and denial of parole. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (denial of parole); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (revocation of probation), cert. denied, 516 U.S. 851 (1995); Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (revocation of parole).

Given the nature of Wilson's claims, his recovery of monetary damages would necessarily imply the invalidity of the probation revocation decision. See Edwards v. Balisok, 520 U.S. 641, 648 (1997). Wilson does not claim, and the record before the Court does not suggest, that the revocation of Wilson's probation and the resulting sentence have been reversed, expunged, set aside, or otherwise called into question. Therefore, Wilson has no cognizable cause of action under 42 U.S.C. § 1983 with respect to his claims challenging the validity of his probation revocation, as habeas corpus is the sole remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. See Preiser, 411 U.S. at 488-90, 500; Heck, 512 U.S. at 481;

---

§ 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson, 544 U.S. at 81 (emphasis in original).

Balisok, 520 U.S. at 645. Because Wilson's claims are not cognizable under § 1983, his complaint is legally frivolous and fails to state a claim upon which relief may be granted. Thus, it is thus due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

**B. Defendant Mahalovich is Absolutely Immune from Wilson's Claims for Damages Under § 1983.**

Even if Wilson's claims were not frivolous based upon the principles set forth above, Wilson's action would still be subject to dismissal prior to service of process. Wilson seeks compensatory damages against Defendant Mahalovic for giving false testimony during his revocation proceeding. The law is well settled that 42 U.S.C. § 1983 does not authorize claims for damages against police officers or private persons for committing perjury during state court proceedings. See Briscoe v. LaHue, 460 U.S. 325, 345 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . . , all witnesses-police officers as well as lay witnesses-are absolutely immune from civil liability based on their testimony in judicial proceedings." Id. at 328 (citing Briscoe v. LaHue, 663 F.2d 713 (7th Cir. 1981)). Therefore, Mahalovic is absolutely immune from § 1983 liability based on her alleged perjury at Wilson's probation revocation proceeding. It follows that dismissal of Wilson's claims against Mahalovic is warranted under 28 U.S.C. § 1915(e)(2)(B)(iii), which requires a court to dismiss

7

a case that "seeks monetary relief against a defendant who is immune from such relief."

**C.  Granting Wilson Leave to Amend Would be Futile**.

Pursuant to Rule 15(a), a party may amend its pleading as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading.  Fed. R. Civ. P. 15(a).  Generally, a plaintiff must be given at least one chance to amend the complaint, unless amendment, *inter alia*, would be futile.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

As detailed above, Wilson's claims based on Defendant Mahalovic's alleged perjury during his revocation proceeding seek to invalidate the revocation of Wilson's probation and are therefore not cognizable under § 1983.  And, Mahalovic is immune from the claim of perjury raised in Wilson's complaint; thus, any amendment would be futile.

**IV. Conclusion**.

For the foregoing reasons, it is recommended that this action be dismissed with prejudice prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii), because Wilson's complaint is

8

frivolous, fails to state a claim upon which relief may be granted, and seeks monetary relief against a defendant immune from such relief.

**<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

9

determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **January, 2020.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**